416 So.2d 109 (1982)
STATE of Louisiana
v.
Jerry Paul BROUSSARD.
No. 81-K-3175.
Supreme Court of Louisiana.
June 21, 1982.
Larry C. Dupuis, Edwards, Stefanski & Barousse, Crowley, for relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Glenn Foreman, Asst. Dist. Atty., for respondent.
MARCUS, Justice.
Jerry Paul Broussard was charged by bill of information with simple burglary in violation of La.R.S. 14:62. At arraignment, defendant entered a plea of not guilty. Thereafter, on January 29, 1980, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged. After ascertaining that defendant understood his constitutional rights and the terms of his *110 plea bargain with the state, the trial judge accepted the guilty plea and sentenced defendant to serve four years at hard labor in conformity with the plea bargain.
Thirteen months later, on February 20, 1981, pursuant to La.R.S. 15:529.1 (Habitual Offender Law), the district attorney filed an information accusing defendant of three prior felony convictions. On February 24, 1981, defendant was brought before the court at which time he denied the allegations of the information. Thereafter, on April 21, 1981, the board of parole "granted" defendant's parole. Defendant's parole eligibility date was May 29, 1981. The habitual offender hearing was set by the state for May 27 (two days before defendant was eligible for parole). Before commencement of the hearing, defendant moved for a continuance on the grounds that he had not been served with a notice of the hearing and that he desired to retain counsel. The motion for continuance was denied; however, while defendant was allowed to retain counsel, the court would not release appointed counsel from representing defendant at that time. The hearing commenced and evidence was received. Later, the hearing was recessed until the next day at which time defendant's retained counsel moved for a recess on the ground that the lack of notice of the hearing had prevented defendant from retaining counsel who could prepare his defense. The trial judge granted a recess and set bond at $10,000 in the event defendant was released from custody. The hearing was reset for July 22, 1981. Defendant was released on parole on June 4, 1981.[1] On July 20, 1981, defendant filed a motion to quash the habitual offender information on the ground that the delay of thirteen months in filing the information after sentence was unreasonable.
On July 22, 1981, a hearing was held on the motion to quash at the beginning of the resumed habitual offender hearing. It was stipulated by the parties that all prior felony convictions were in Acadia Parish (same parish as the present proceeding) and that the current district attorney for Acadia Parish is the same district attorney who was in office at the time of defendant's prior felony convictions. After argument, the matter was taken under advisement. On October 15, 1981, the trial judge denied the motion to quash. On defendant's application, we granted a writ under our supervisory jurisdiction to review the correctness of that ruling.[2]
La.R.S. 15:529.1(D) provides:
If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction....
Although the above statute does not impose a specific prescriptive period in which the district attorney must file an habitual offender information, we have held that it does not allow an indefinite time for filing the information once the necessary information is available. State v. Wilson, 360 So.2d 166 (La.1978); State v. McQueen, 308 So.2d 752 (La.1975). Rather, the district attorney must file an habitual offender bill within a reasonable time after the prosecution knows that a defendant has a prior felony record. State v. Wilson, supra; State v. Bell, 324 So.2d 451 (La.1975). The same considerations which underlie the constitutional right to a speedy trial compel a conclusion that upon conviction a defendant is entitled to know the full consequences of *111 the verdict within a reasonable time. Since the enhancement of penalty provision is incidental to the latest conviction, the proceeding to sentence under that provision should not be unduly delayed. State ex rel. Williams v. Henderson, 289 So.2d 74 (La. 1974); cf. La.Code Crim.P. art. 874.
In the instant case, the district attorney filed the habitual offender information thirteen months after sentence and about three months prior to the date defendant was eligible for parole. The necessary information with regard to the prior felony convictions was available to the district attorney at the time of the original sentencing on January 29, 1980, in that the convictions were obtained in the same parish during his tenure in office. Nonetheless, the district attorney delayed filing the information not only until after defendant had pled guilty to the offense charged as a result of a plea bargain and had been sentenced in conformity therewith but also after defendant had served thirteen months of his original sentence and was anticipating release on parole within a few months. The state offers no justification for its delay in instituting the habitual offender proceedings and we can conceive of none. Once having filed the information, the state apparently attempted to complete the enhancement proceedings by May 27, 1981, two days before the date that defendant was eligible for parole; however, a recess was granted prior to completion of the hearing based on defendant's contention that the lack of notice of the hearing had prevented him from retaining counsel who could prepare his defense. As a result thereof, the proceedings were not completed before defendant had been released on parole. Under these circumstances, we do not consider that the district attorney acted reasonably in delaying the institution of the habitual offender proceedings. Accordingly, we must reverse the ruling of the trial judge denying the motion to quash.

DECREE
For the reasons assigned, the ruling of the trial judge denying defendant's motion to quash the habitual offender information is reversed and set aside. Defendant's motion to quash is granted. The case is remanded to the district court.
NOTES
[1] While the record does not reflect the exact date of defendant's release from prison, both defendant's and the state's briefs agree that defendant was released on parole on June 4, 1981. The appearance bond which is in the record was executed on July 9, 1981, substantiating the fact that defendant was released from custody prior to the resumption of the habitual offender hearing on July 22, 1981.
[2] 409 So.2d 658 (La.1982).