ON REHEARING
We grant rehearing in this matter to reconsider our reliance on State v. Broussard, 416 So.2d 109 (La.1982) to prohibit the State from conducting another multiple bill hearing. We conclude that Broussard is not supportive of our original holding, was erroneously relied on by us, and we therefore hold that the State is not precluded from conducting another multiple bill hearing.
The chronology of events in this case is set out in our original opinion. Of importance is the fact that the multiple offender bill was filed eight days after defendant’s *544 conviction. That adjudication was set aside September 30, 1987 by this court and the second multiple bill hearing took place December 21,1988. Broussard dealt with the State’s unnecessary delay in filing the multiple bill, not in the delay in hearing the matter. There, the court reasoned that “upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time.” Id. at 110-111.
In the instant case, defendant knew within eight days of his conviction that multiple bill proceedings were being pursued by the State. The defendant pleaded guilty to that initial filing. Over four years later this court overturned that guilty plea. At that point, the State was required to reconstruct its files and gather the necessary information to proceed. In a writ disposition by this Court on December 15, 1988 (No. 88-K-2230) we concluded that the State’s delay was not unreasonable and that there was no showing of prejudice. The holding of Broussard does not change that conclusion.
Accordingly, we amend our original opinion and hold that the State is not precluded from conducting a multiple bill hearing. In all other respects, we adhere to our original holding.
SENTENCE VACATED; REMANDED.