585 So.2d 652 (1991)
STATE of Louisiana
v.
Robin L. NOEL.
No. 91-KA-1283.
Court of Appeal of Louisiana, Fourth Circuit.
August 29, 1991.
*653 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., New Orleans, for appellee.
Before CIACCIO, LOBRANO and WARD, JJ.
CIACCIO, Judge.
Defendant Robin L. Noel was charged on January 7, 1991, with a violation of LSA-R.S. 14:89(2), a crime against nature, i.e., solicitation for oral sex. She was arraigned on January 11, 1991, and pled not guilty. On January 17, 1991, the day set for trial, Noel withdrew her earlier plea and entered a plea of guilty of an attempted crime against nature. She was sentenced then to serve one year at hard labor. On May 10, 1991, the State filed a multiple bill and at the hearing on May 16, 1991, the court found the defendant to be a second offender and sentenced her to serve fifteen months at hard labor. She now appeals, arguing the trial court erred (1) in denying the Motion to Quash, (2) in accepting the stipulation as to her identity without informing her of her rights, and (3) in finding her to be a double offender based on insufficient proof of proper Boykinization at the previous conviction. We find merit in the second assignment of error only.
In reviewing the record for errors patent, we find that the trial court sentenced the defendant to an illegally lenient sentence at the multiple offender hearing. La.R.S. 15:529.1(A)(2)(a), as amended in 1989, provides that a second felony offender shall be sentenced to not less than one-half of the longest possible sentence. La. R.S. 14:27/89(2) provides imprisonment for not more than five years as the penalty for an attempted crime against nature. The defendant received a sentence of fifteen months. We will not amend the term, however, because this court has held that an illegally lenient sentence may not be amended or set aside when the defendant alone has appealed. State v. Gilmore, 529 So.2d 859 (La.App. 4th Cir.1988), writ denied, 533 So.2d 373 (La.1988).
In her first assignment of error, the defendant contends that the district attorney erred in filing an untimely multiple offender bill against her. Noel was originally sentenced on January 17, 1991; the multiple bill was filed on May 10, 1991, and the hearing occurred on May 16, 1991.
The habitual offender law, La.R.S. 15:529.1(D), provides in part: "If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of (another) felony," the defendant may be charged as a multiple offender. The statute does not provide a prescriptive period; however, the Louisiana Supreme Court has held that the habitual offender bill must be filed within a "reasonable time" after the prosecution knows of defendant's prior felony record. State v. Broussard, 416 So.2d 109, 110-111 (La.1982).
The Broussard Court declared that "upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement of the penalty provision is incidental to the latest conviction, the proceeding to sentence under that provision should not be unduly delayed." Id. at 111. In Broussard, where the Supreme Court found an unreasonable delay, the district attorney filed the habitual offender information thirteen months after the defendant *654 was sentenced and three months before he was eligible for parole. The defendant was actually released on parole before the multiple offender hearing occurred. Moreover, the State offered no justification for the delay in filing the multiple offender charge.
Courts have looked to the particular circumstances of each case in deciding whether the multiple bill was filed timely. When the defendant admitted to the allegations in an oral multiple bill on the same day he pled guilty to simple robbery, and the multiple bill was later set aside by this court, a multiple bill hearing held four months after remand was deemed timely. State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), writ denied, 544 So.2d 399 (La. 1989). Similarly a three month delay was not found to be unreasonable where the receipt of documents and preparation of the transcript caused the delay. State v. Patterson, 459 So.2d 714 (La.App. 4th Cir. 1984).
In the present case, the multiple bill was filed three months and three weeks after sentencing. The State justifies the delay by declaring that the time was needed to obtain appropriate transcripts and records from the defendant's prior conviction. The defense argued at the hearing that Noel was due to be released from jail on "good time" credit in mid-June. This argument is not persuasive because no proof was offered at the hearing, and in May the defendant had served less than six months of a twelve month sentence. Furthermore, the defense cites no authority for the argument that a lapse of four months between sentencing and the multiple bill hearing is untimely. In contrast, in both State v. Thompson, supra, and State v. Patterson, supra, delays of four and three months were held to be not untimely. This assignment of error has no merit.
Defendant next argues that the trial court erred in accepting the stipulation as to the defendant's identity without first informing her of her rights. The procedure to be followed at such a hearing is stated in La.R.S. 15:529.1(D) which provides in pertinent part:
... (T)he district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. .... If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed.... [Emphasis added]
In State v. Martin, 427 So.2d 1182, 1184-85 (La.1983), this section of the statute was interpreted to require that the defendant be advised of his right to a formal hearing and to have the State prove its case. Additionally, this section implicitly requires that the defendant be advised of his right to remain silent. State v. Johnson, 432 So.2d 815, 817 (La.1983).
Because at most multiple offender hearings the only factual issue is whether the defendant is the same individual previously convicted of a felony as alleged in the bill, it is error to accept a stipulation or a plea before advising the defendant of his rights. An admission of identity at such a hearing is the equivalent of a plea of guilty. This principle was clearly enunciated in State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988), where the defendant's admission that he was the same person charged in the multiple bill was accepted by the trial court before informing him of his rights. The court stated:
The trial court must inform the defendant of these rights prior to the defendant's plea on the multiple bill and before the defendant admits that he is the same person as charged in the multiple bill. If a defendant pleads guilty or admits that he is the same person charged in the *655 multiple bill before the trial court informs him of the rights set forth in the R.S. 15:529.1(D), the defendant's conviction and sentence as a multiple offender must be vacated. Id. at 149.
In the present case, the defense stipulated at the multiple bill hearing as to the defendant's identity as being the same person with a prior felony conviction. The trial court did not specifically inform defendant of her constitutional rights prior to accepting this stipulation. Therefore, defendant's conviction and sentence as a multiple offender must be vacated.
The defendant also argues that the State relied on a plea of guilty in the previous crime where there was no transcript indicating that the plea was made voluntarily and with an awareness of it consequences. In order for there to be a knowing and voluntary waiver of constitutional rights in a guilty plea, the defendant must be informed of his privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Although the colloquy between the trial court and the defendant is the preferred evidence proving the defendant knowingly and voluntarily waived her rights by pleading guilty, it is not indispensable when the record contains other evidence of a proper waiver. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988), writ denied 531 So.2d 262 (La.1988).
The State submitted the arrest register, the bill of information, the minute entry, and a plea of guilty form to the trial court. On the plea form the defendant signed, she admitted her guilt, acknowledged her sentence, and indicated her understanding of her right to a jury trial, her right to confront her accusers, and her privilege against self-incrimination. The form also states:
The court has addressed me personally as to all of these matters and he has given me the opportunity to make any statement I desire.
Noel was attended by counsel when she pled guilty. The guilty plea form is initialled by her in thirteen places, twice signed by her, and signed by the judge and defendant's attorney.
The plea form taken with the minute entry attesting to the defendant's Boykinization constitutes a valid waiver. State v. Tucker, 405 So.2d 506 (La.1981); State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984); State v. Kelly, supra; State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), writ denied 544 So.2d 399 (La. 1990). Thus this assignment of error has no merit.
Because the defendant was not advised of her right to remain silent as required LSA-R.S. 15:529.1(D), the case is remanded for a new multiple bill hearing. In all other respects, defendant's conviction and sentence are affirmed.
AFFIRMED IN PART; VACATED AND REMANDED IN PART.