ARMSTRONG, Judge.
The defendant, George A. Smith, was charged by bill of information with a violation of LSA-R.S. 40:967, relative to the offense of possession of cocaine. His motion to suppress the evidence was denied. The defendant withdrew his former plea and entered a plea of guilty as charged. He was sentenced to serve five years at hard labor. Pursuant to a multiple offender bill filed by the State, the defendant was found to be a second offender and sentenced under R.S. 15:529.1 to serve five years. The defendant now appeals, arguing the trial court erred (1) in denying his Motion to Quash the multiple bill, (2) in accepting the stipulation of identity, and (3) in finding him to be a multiple offender in spite of insufficient proof of Boykinization.
In his first assignment of error, the defendant contends that the district attorney erred in filing an untimely multiple offender bill against him. The defendant claims that he was originally sentenced on March 26, 1991; the multiple bill was filed on May 10, 1991, and the hearing occurred on May 16, 1991.
The habitual offender law, La.R.S. 15:529.1(D), provides in part: “If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of (another) felony,” the defendant may be charged as a multiple offender. The statute does not provide a prescriptive period; however, the Louisiana Supreme Court has held that the habitual offender bill must be filed within a “reasonable time” after the prosecution knows of defendant’s prior felony record. State v. Broussard, 416 So.2d 109, 110-111 (La.1982).
The Broussard court declared that “upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement of the penalty provision is incidental to the latest conviction, the proceeding to sentence under that provision should not be unduly delayed.” Id. at 111. In Broussard, where the Supreme Court found an unreasonable delay, the district attorney filed the habitual offender information thirteen months after the defendant was sentenced and three months before he was eligible for parole. The defendant was actually released on parole before the multiple offender hearing occurred. Moreover, the State offered no justification for the delay in filing the multiple offender charge.
Courts have looked to the particular circumstances of each case in deciding whether the multiple bill was filed timely. When the defendant admitted to the allegations in an oral multiple bill on the same day he pled guilty to simple robbery, and the multiple bill was later set aside by this court, a multiple bill hearing held four months after remand was deemed timely. State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), writ denied, 544 So.2d 399 (La.1989). Similarly a three month delay was not found to be unreasonable where the receipt of documents and preparation of the transcript caused the delay. State v. Patterson, 459 So.2d 714 (La.App. 4th Cir.1984).
In the case at bar, the multiple bill was filed less than two months after sentencing. The defense cites no authority for the argument that a lapse of less than two months between sentencing and the multiple bill hearing is untimely. In contrast, in both State v. Thompson, supra, and State v. Patterson, supra, delays of four and three months were held to be not untimely. This assignment of error has no merit.
Defendant next argues that the trial court erred in accepting the stipulation as to the defendant’s identity without first informing him of his rights. The procedure to be followed at such a hearing is stated in La.R.S. 15:529.1(D) which provides in pertinent part:
(T)he district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon *415 the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.... If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed.... [Emphasis added]
In State v. Martin, 427 So.2d 1182, 1184-85 (La.1983), this section of the statute was interpreted to require that the defendant be advised of his right to a formal hearing and to have the State prove its case. Additionally, this section implicitly requires that the defendant be advised of his right to remain silent. State v. Johnson, 432 So.2d 815, 817 (La.1983).
At most multiple offender hearings the only factual issue is whether the defendant is the same individual previously convicted of a felony as alleged in the bill. Thus, it is error to accept a stipulation or a plea before advising the defendant of his rights, because an admission of identity at such a hearing is the equivalent of a plea of guilty. This principle was clearly enunciated in State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988), where — as in the instant case — the defendant’s admission that he was the same person charged in the multiple bill was accepted by the trial court before informing him of his rights. The court stated:
The trial court must inform the defendant of these rights prior to the defendant’s plea on the multiple bill and before the defendant admits that he is the same person as charged in the multiple bill. If a defendant pleads guilty or admits that he is the same person charged in the multiple bill before the trial court informs him of the rights set forth in the R.S. 15:529.1(D), the defendant’s conviction and sentence as a multiple offender must be vacated. Id. at 149.
Thus, this assignment of error has merit.
The defendant also argues that the State relied on a plea of guilty in the previous crime where there was no transcript indicating that the plea was made voluntarily and with an awareness of its consequences. In order for there to be a knowing and voluntary waiver of constitutional rights in a guilty plea, the defendant must be informed of his privilege against self-incrimination, the right to a jury trial, and the right to confront one’s accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Although the colloquy between the trial court and the defendant is the preferred evidence proving the defendant knowingly and voluntarily waived her rights by pleading guilty, it is not indispensable when the record contains other evidence of a proper waiver. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988), writ denied 531 So.2d 262 (La.1988).
The State submitted the arrest register, the bill of information, the minute entry, and a plea of guilty form to the trial court. On the plea form the defendant signed, he admitted his guilt, acknowledged his sentence, and indicated his understanding of his right to a jury trial, his right to confront his accusers, and his privilege against self-incrimination. Smith was attended by counsel when he pled guilty. The guilty plea form is initialed by him in seven places, signed by him, by the judge, and by defendant’s attorney.
The plea form taken with the minute entry attesting to the defendant’s Boykini-zation constitutes a valid waiver. State v. Tucker, 405 So.2d 506 (La.1981); State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984); State v. Kelly, supra; State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), writ denied 544 So.2d 399 (La.1989). Thus this assignment of error has no merit.
For the foregoing reasons the defendant’s conviction is affirmed. Because the defendant was not advised of his right to *416 remain silent as required LSA-R.S. 15:529.-1(D), the defendant’s sentence as a multiple offender is vacated and the original sentence of five years at hard labor is reinstated.
CONVICTION AFFIRMED
SENTENCE VACATED
ORIGINAL SENTENCE
REINSTATED.