ARMSTRONG, Judge.
Defendant, Emily Winborn, was charged on September 28, 1990, by bill of information with a violation of La.R.S. 14:89(2), solicitation for a crime against nature. On March 11, 1991, defendant entered a plea of guilty as charged. A habitual offender hearing date was set on April 24, 1991, and *178 on May 3, 1991, the State filed the habitual offender bill of information and defendant pled not guilty to it. At the habitual offender hearing on May 16, 1991, defendant was found to be a second offender under La.R.S. 15:529.1, she was sentenced to served two and one-half years at hard labor. Defendant now appeals, arguing the trial court erred (1) in denying the motion to quash the habitual offender bill as untimely, and (2) in accepting a stipulation as to defendant’s identity without first advising her of her rights. We find merit in the second assignment of error.
In her first assignment of error, defendant contends that the district attorney erred in filing an untimely habitual offender bill of information against her. She was originally sentenced on March 3, 1991; notice was given that the State intended to file a habitual offender bill on April 24, 1991; the habitual offender bill was filed on May 10, 1991; and the habitual offender hearing occurred on May 16, 1991.
La.R.S. 15:529.1(D), provides in part: “If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of [another] felony,” the defendant may be charged as a habitual offender. The statute does not provide a prescriptive period; however, the Louisiana Supreme Court has held that the habitual offender bill must be filed within a “reasonable time” after the prosecution knows of defendant’s prior felony record. State v. Broussard, 416 So.2d 109, 110-111 (La.1982).
The Broussard Court declared that “upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement of the penalty provision is incidental to the latest conviction, the proceeding to sentence under that provision should not be unduly delayed.” Id. at 111. In Broussard, where the Supreme Court found an unreasonable delay, the district attorney filed the habitual offender bill thirteen months after the defendant was sentenced and three months before he was eligible for parole. The defendant was actually released on parole before the habitual offender hearing occurred. Moreover, the State offered no justification for the delay in filing the habitual offender bill.
Courts have looked to the particular circumstances of each case in deciding whether the habitual offender bill was filed timely. When the defendant admitted to the allegations in an oral habitual offender bill on the same day he pled guilty to simple robbery, and the habitual offender bill was later set aside by this court, a habitual offender hearing held four months after remand was deemed timely. State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), writ denied, 544 So.2d 399 (La.1989). Similarly a three month delay was not found to be unreasonable where the receipt of documents and preparation of the transcript caused the delay. State v. Patterson, 459 So.2d 714 (La.App. 4th Cir.1984).
In the instant case, the habitual offender bill was filed less than two months after March 11, 1991, the date defendant was originally sentenced to the one year. Defendant argues that she was due to be released on “good time” credit in September. This argument is not persuasive because no proof was offered at the hearing, and as of May defendant had served less than two months of a twelve month sentence. Furthermore, defendant cites no authority for the argument that a lapse of less than two months between sentencing and the habitual offender hearing is untimely. In contrast, in both State v. Thompson, supra, and State v. Patterson, supra, delays of four and three months were held to be timely. This assignment of error has no merit.
Defendant next argues that the trial court erred in accepting the stipulation as to her identity without first informing her of her rights. The procedure to be followed at such a hearing is stated in La.R.S. 15:529.1(D) which provides in pertinent part:
[T]he district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent convic *179 tion was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.... If the judge finds that he has been convicted of a prior felony or felonies, or if heacknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed_ (Emphasis added)
In State v. Martin, 427 So.2d 1182, 1184-85 (La.1983), this section of the statute was interpreted to require that a defendant be advised of her right to a formal hearing and to have the State prove its case. Additionally, this section implicitly requires that a defendant be advised of her right to remain silent. State v. Johnson, 432 So.2d 815, 817 (La.1983).
This court has vacated habitual offender convictions where the defendants have admitted their identities as the persons previously convicted, or counsel has so stipulated, if the defendants were not advised of their statutory rights as defined in La.R.S. 15:529.1. See State v. Wheeler, 547 So.2d 12 (La.App. 4th Cir.1989); State v. Noel, 585 So.2d 652 (La.App. 4th Cir.1991). However, in State v. Darren Wright, 598 So.2d 1267 (La.App. 4th Cir.1992), this court distinguished the case where the defendant, through counsel, stipulated to his identity but contested the adjudication. Unlike the defendants in State v. Martin, supra, and State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988), the defendant in Wright did not plead guilty to the multiple bill; nor was he compelled to give testimony as was the defendant in State v. Johnson, supra.
The facts of the instant case are similar to those in State v. Wheeler, supra, in that the trial court never addressed defendant who stipulated to her identity and, although she pleaded not guilty, the hearing was not contested. In State v. Desmond, supra, another case where the defendant did not contest the evidence submitted, this Court stated:
The trial court must inform the defendant of these rights prior to the defendant’s plea on the multiple bill and before the defendant admits that he is the same person as charged in the multiple bill. If a defendant pleads guilty or admits that he is the same person charged in the multiple bill before the trial court informs him of the rights set forth in the R.S. 15:529.1(D), the defendant’s conviction and sentence as a multiple offender must be vacated. Id. at 149.
In the instant case, defendant, like the defendants in Wheeler and Desmond, was never informed by the trial court of her rights. Therefore, because defendant was not advised of her rights as required by La.R.S. 15:529.1(D), her habitual offender adjudication must be vacated and the case remanded for a new habitual offender hearing.
For the foregoing reasons, we affirm defendant’s conviction for violation of La. R.S. 14:89(2), vacate her adjudication as a habitual offender, and remand this case for a new habitual offender hearing.
CONVICTION AFFIRMED; HABITUAL OFFENDER ADJUDICATION VACATED; REMANDED.