I r SAUNDERS, Judge.
Defendant, Bryan Keith Demouchet, was charged by bill of information as a habitual offender, in violation of La.R.S. 15:529.1. On March 13, 1995, defendant appeared before the court with counsel for arraignment, waived formal reading of the bill of information and entered a plea of not guilty to the charge.[1] On August 29, 1995, the trial court found defendant to be a second habitual offender, vacated the original sentence, and sentenced defendant to fifteen (15) years at *23 hard labor without benefit of probation or suspension of sentence. The sentence was imposed consecutive to any other sentence defendant was serving. After making an oral ^motion to reconsider the sentence, defendant now seeks review by this court. We affirm.

FACTS

Defendant was previously convicted on September 17, 1991, of manslaughter, in violation of La.R.S. 14:81. Defendant’s most recent conviction occurred on January 12, 1995, for aggravated battery, in violation of La.R.S. 14:34.

ERRORS PATENT

La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence.
After reviewing the record, we find that there is one error patent concerning defendant’s habitual offender hearing.
At the hearing, defendant admitted to the two convictions (the former conviction for manslaughter and the present conviction for aggravated battery) without being advised of his right to remain silent. In State v. Johnson, 432 So.2d 815 (La.1983), the Louisiana Supreme Court held that La.R.S. 15:529.1 clearly recognizes that the defendant has the right to remain silent, and the statute implicitly provides that the defendant should be advised by the court of his right to remain silent. Further, La.R.S. 15:529.1(D) specifically provides that the defendant be advised of his right to a formal hearing and requires that the state prove its case. This court has held that where a defendant was not advised of his right to remain silent before admitting his prior convictions in an habitual offender hearing, the defendant’s acknowledgment, the only proof of the prior convictions, was invalid. La.R.S. 1315:529.1; State v. Norris, 94-1064 (La.App. 3 Cir. 3/1/95); 651 So.2d 490; State v. Gautreaux, 607 So.2d 1086 (La.App. 3 Cir.1992). See also State v. Harris, 612 So.2d 280 (La.App. 5 Cir.1992), writ denied, 618 So.2d 402 (La.1993); State v. Winbom, 604 So.2d 177 (La.App. 4 Cir.1992); State v. Poole, 566 So.2d 180 (La.App. 2 Cir.1990). Also, in State v. Walker, 432 So.2d 1057 (La.App. 3 Cir.1983), the court found that the trial court’s failure to comply with La.R.S. 15:529.1(D)(1) resulted in this court’s remand of the case for another multiple offender hearing.
In this ease, however, the trial court did not rely solely on defendant’s admissions to the two convictions, but also provided the testimony of defendant’s probation officer, Pam Brice, and the trial records from defendant’s prior convictions. State v. Mallett, 552 So.2d 28 (La.App. 3 Cir.1989), writs denied, 556 So.2d 1258 and 558 So.2d 567 (La. 1990).
Under State v. Brown, 514 So.2d 99 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), rehearing denied, 487 U.S. 1228, 108 S.Ct. 2888, 101 L.Ed.2d 923 (1988), La.R.S. 15:529.1 requires independent proof that the defendant was the same person identified in the records. In the present case, the State introduced the court record of docket number 46,043 where defendant was convicted of manslaughter. The State also introduced the testimony of Pam Brice who testified she was supervising defendant’s parole in docket number 46,043. Ms. Brice also testified that while defendant was on parole, he was convicted of the present offense “aggravated battery” in docket number 94-1606. Ms. Brice made an in-court identification of defendant as the person convicted in docket number 46,043. Thus, the trial court did not rely solely upon defendant’s stipulation to his identity as the individual convicted in both docket number 46,043 and docket number 94-1606.
|4We therefore conclude that the court’s failure to comply with La.R.S. 15:529.1(D)(1) is a harmless error and does not require a remand of the case.

*24
ASSIGNMENT OF ERROR NOS. 1 and 2

By his first assignment, defendant claims the court erred in imposing a sentence that was excessive, in violation of La. Const. Art. I, § 20. Defendant’s second assignment of error urges that the trial court erred in emphasizing the victim’s gender in handing down its judgment, while failing to consider defendant’s mitigating circumstances. Since both assignments of error concern defendant’s sentence, we will address them together.
Regarding defendant’s contention that the trial court failed to consider certain mitigating factors presented during the habitual offender hearing, we note that defendant orally moved for reconsideration of the sentence only after its pronouncement and without giving the specific mitigating factors the trial court allegedly failed to consider. Thus, this claim was not properly preserved, according to State v. Mims, 619 So.2d 1059 (La.1993). Therefore, defendant’s appeal is limited to a review of his claim of exeessiveness.
Article I, § 20 of the Louisiana Constitution of 1974, prohibits “cruel, excessive, or unusual punishment.” A sentence which falls within the statutory limits may nevertheless be excessive depending on the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence, this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice, or that the sentence makes no measurable contribution to acceptable penal goals and therefore constitutes nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 |s(La.App. 3 Cir.1988), unit denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La. Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
If there is an adequate factual basis for the sentence contained in the record, the trial court’s failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir. 1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.), writ denied, 433 So.2d 166 (La.1983); State v. Smith, 433 So.2d 688; and State v. Stein, 611 So.2d 800 (La.App. 3 Cir.1992). The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1. State v. Pontiff, 604 So.2d 71 (La.App. 3 Cir.1992).
As stated in Cottingin:
There are two underlying purposes of the codal requirement that the sentencing court articulate the’ specific reasons based on particular |6facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines.
Cottingin, 476 So.2d at 1186 (citations omitted). Cottingin and the other cited eases are still applicable even though Art. 894.1 has gone through several major revisions.
*25 La.R.S. 14:34 provides in pertinent part that whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both. Additionally, La.R.S. 15:529.1(A)(l)(a) provides in pertinent part that a person shall be sentenced to imprisonment for the second felony for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. Finally, La.R.S. 15:529.1(G) provides in pertinent part that a sentence under the Habitual Offender Law is to be imposed without benefit of probation or suspension of sentence.
In the case sub judice defendant was sentenced to fifteen (15) years at hard labor without benefit of probation and suspension of sentence. This sentence is in the mid-range proscribed under the habitual offender statute. See La.R.S. 15:529.1(A)(l)(a). In imposing the sentence the trial court gave the following reasons:
BY THE COURT:
I vacate the previous sentence already imposed and will deduct from this new sentence all time actually served, and at this time I will sentence Mr. Demouchet on the charge of being an habitual offender.
My reasons for imposing a sentence, the one that I will impose, basically are that the record, and particularly the testimony which I heard during the second offense for which he was tried, is at odds with the pictures painted by the defense today. The testimony of Mrs. Brice |7is that he seemed to have a problem with relationships. The testimony which I heard at the trial, and I made a summary of that testimony when the trial was completed, was as follows: that the victim testified that her former boyfriend came up to her car, beat her. She escaped. He pursued her and was stopped. He walked off, but then returned, pursued her again. She fell. He beat up, stomped and cut her. She testified that she saw a weapon and it was a knife. Now no one else testified as to the weapon, but other witnesses testified to the beating scenario.
The problem with women that I’m having here is not a relationship problem, but a problem of violence toward women. The other witnesses who testified, Anna Durham, Harold Dugas, Junius Roman and others, saw part of this fight and saw part of this pursuit twice, and beatings. The emergency room physician described four distinct lacerations caused by a sharp object, and the location of these lacerations was close to the vital jugular veins in the neck, and the eye on the face, and the presence of these wounds was corroborated by the emergency medical technician who was on the scene.
The defense did not have any witnesses who contradict the testimony about the fight, and the only explanation offered in defense testimony for these wounds was a fall against a gas meter which was considered absolutely impossible by the expert testimony presented. So I don’t have the same picture of that event as does the defendant.
The pre-sentence investigation also reveals other instances which are far from what I consider problems with relationships. We have a 1987 simple battery charge, and there’s a woman involved in that. We have, of course, the manslaughter, which he was on parole for that at the time of the second offense. Then there were charges on simple battery, again a woman, Anne Wilridge, his girlfriend in Jennings at that time. I don’t know whatever happened to those charges, disturbing the peace by fighting and simple battery. They were' pending at the time of the pre-sentence investigation. The affidavit filed in connection with that was “using a gun and hit her in the face.” So I have another view of the testimony presented.
The defendant denied culpability, feels that he is completely railroaded all along. That’s not my impression of the facts.
* * *
Defendant contends in his brief that the trial court’s mentioning of the victim’s gender implies that an aggravated battery com *26 mitted against a female is more serious than one committed against a male and that such reference unconstitutionally discriminated against him.
| «While this ground was not properly preserved, we nevertheless, observe that it would lack merit even were it properly before us. Although the prior conviction for manslaughter, one of the convictions in the habitual offender bill, does not mention the gender of the victim, the fact that the gender of the victims for the other offenses was mentioned does not indicate that the sentence imposed at the habitual offender hearing was based on or enhanced by the gender of the victim. To the contrary, we conclude the sentence meted out by the trial court would be appropriate regardless of the gender of the numerous victims defendant has felled in his many years of untoward behavior.
We additionally hold that the trial judge did not abuse his discretion in imposing the sentence of fifteen (15) years at hard labor without benefit of probation or suspension of sentence. The sentence is commensurate with, rather than grossly disproportionate to, the severity of defendant’s offense and is adequately particularized to this particular defendant in light of his particular crime. Additionally, the penalty does not shock our sense of justice and makes a measurable contribution to acceptable penal goals and is not a needless imposition of pain and suffering; it is not “cruel, excessive, or unusual punishment.” Thus, defendant’s first and second assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 3

By this assignment, defendant argues that the trial court erred in accepting the jury’s finding defendant guilty of aggravated battery because the evidence was insufficient.
Defendant was convicted of aggravated battery on January 12, 1995, and sentenced to ten (10) years at hard labor on March 13, 1995. On April 24,1996, this court dismissed defendant’s appeal after finding defendant’s motion for appeal filed |9on April 3, 1995, to be untimely. Defendant has not sought reinstatement of his right to appeal his aggravated battery conviction; thus, this court is without jurisdiction to consider this assignment. Thus, defendant’s assignment of error in this appeal concerning his conviction for aggravated battery is not properly before this court and the present appeal is timely only as to his habitual offender adjudication and sentence.

CONCLUSION

In light of the above, defendant’s third assignment of error will not be considered since it goes beyond the scope of this appeal.
Defendant’s first and second assignments of error lack merit. Although the trial court did not inform defendant of any of the provisions under La.Code Crim.P. art. 894.1(D), as amended, the sentence should not be declared unlawful or inadequate for failure to comply with paragraph D. See La.Code Crim.P. art. 894.1(F), as amended. The trial judge stated for the record the considerations taken into account and the factual basis for imposition of the sentence.
AFFIRMED.

. On October 19, 1994, defendant was charged with aggravated battery. Defendant was convicted of aggravated battery on January 12, 1995. The trial court sentenced defendant to ten (10) years at hard labor on March 13, 1995. Defendant filed a motion for appeal on April 3, 1995. No motion to reconsider sentence was filed. This court, on April 24, 1996, dismissed Bryan Keith Demouchet's appeal finding it untimely.