719 So.2d 75 (1998)
STATE of Louisiana
v.
Kevin TAYLOR.
No. 97-KA-0461.
Court of Appeal of Louisiana, Fourth Circuit.
July 29, 1998.
*76 Harry Connick, District Attorney Orleans Parish, Joseph E. Lucore, Assistant District Attorney Orleans Parish, New Orleans, for Plaintiff/Appellee.
Jay Noland, Tulane Law School, Community Service Project, Sherry Watters, Orleans Indigent Defender Program, New Orleans, for Defendant/Appellant Kevin Taylor.
Before BARRY, KLEES and McKAY, JJ.
McKAY, Judge.

STATEMENT OF THE CASE
By bill of information dated April 5, 1994, defendant was charged with simple burglary; and, he pleaded not guilty. On August 23, 1994, he was tried by a six-member jury that found him guilty as charged. On October 5, 1994, defendant was sentenced to five years at hard labor; and, the State filed a multiple bill. The multiple hearing was continued several times; and, the multiple offender hearing was held on December 28, 1995. The court took the matter under advisement; and, on January 19, 1996, the trial court *77 found defendant to be a third offender. Defendant was sentenced to ten years at hard labor without benefit of parole, probation, or suspension. The trial court denied defendant's motion for reconsideration of sentence on January 30, 1996.
The record was lodged in this court on March 6, 1997; and, it was supplemented on July 29, 1997 and January 9, 1998. Defendant filed a pro se brief on April 1, 1997. Defense counsel filed a brief on April 21, 1997; and, the State filed its brief on April 13, 1998.

STATEMENT OF THE FACTS
On March 13, 1994, at approximately 2:45 a.m., Officer Kevin Thomas was on patrol in the French Quarter when he saw something moving in his van which he had parked in the 500 block of Conti. Thomas approached the van from the driver's side; and when he looked inside the van, he saw defendant crouched down in the front passenger seat. Defendant then waved to Thomas to keep on going. Thomas demanded to know what defendant was doing, and defendant exited the van. Defendant had the radio from the van; and as Thomas chased him, defendant dropped it. Thomas, who alerted other officers via his police radio, pursued defendant down Conti to Chartres, from Chartres to Bienville, and then from Bienville to Royal where Officer Sean Brown caught defendant. Thomas testified that the vent glass on his van was pried open and that his papers were everywhere.

ERRORS PATENT
A review of the record reveals an error patent in that the trial court failed to vacate the original sentence before sentencing defendant on the multiple bill. The trial court must vacate the original sentence before imposing sentence under the multiple bill. La.R.S. 15:529.1(D)(3). Neither the minute entry nor the sentencing transcript indicate that the trial court vacated the original five year sentence before sentencing defendant as a third offender. Defendant's sentence as a third offender is vacated, and the case remanded for resentencing.

ASSIGNMENT OF ERROR NO. 1
The defendant complains that the trial court erred in finding him to be a multiple offender at a hearing that took place fifteen months after the original sentence was imposed where the State offered no explanation or excuse for the delay. He asserts that he had served enough time to be eligible for parole or good time release and that the doubling of his sentence at that stage was cruel and unusual punishment.
La.R.S. 15:529.1(D) provides that if, at any time either after conviction or sentence, it appears that a person convicted of a felony has previously been convicted of another felony, the defendant may be charged as a habitual offender. Although the statute does not contain a prescriptive period for filing a multiple bill, such a bill must be filed within a reasonable time after the prosecution becomes aware of the defendant's prior felony record. State v. Broussard, 416 So.2d 109 (La.1982). In Broussard, court also stated that the same considerations underlying the constitutional right to a speedy trial compelled a conclusion that upon conviction, a defendant was entitled to know the full consequences of the verdict within a reasonable time and that a proceeding to enhance a sentence should not be unduly delayed since enhancement of the penalty was incidental to the latest conviction. The application of the Broussard doctrine is a fact-specific inquiry depending upon the particular facts and circumstances of each case. State v. Langlois, 96-0084 (La.App. 4th Cir. 5/21/97), 695 So.2d 540, writ granted in part on other grounds, 97-1491 (La.11/14/97), 703 So.2d 1281.
In Broussard, the court found a delay of thirteen months in the filing of the multiple bill to be unreasonable where the defendant was anticipating release on parole within few months and where the State offered no justification for its delay in instituting habitual offender proceedings. Moreover, the defendant was released on parole before the hearing on the multiple bill was completed. But other cases have found that multiple bill proceedings commenced more than a year after conviction and sentence were not unreasonably delayed. In State v. Langlois, 96-0084 *78 at pp. 5-6, 695 So.2d at 544, this court found that a delay of fifteen to seventeen month delay was justifiable and did not prejudice the defendant where the case had a unique and distinctive procedural history. The court also noted that the defendant was awaiting trial on a murder charge and that he was not expecting an early release. In State v. Carter, 630 So.2d 926 (La.App. 4th Cir.1993), this court found a fifteen month delay reasonable where both the State and the defendant were granted continuances, where an investigation was undertaken to determine the validity of the defendant's claim of a breach of a plea bargain agreement not to multiple bill him, and where the case was transferred to a different section of court. This court also rejected the defendant's assertion that he was eligible for release on good time some six months after the adjudication because he offered no proof. In State v. Jenkins, 595 So.2d 780 (La.App. 5th Cir.1992), the Fifth Circuit found a delay of nearly two years between the filing of the multiple bill and the holding of the hearing was not unreasonable because the defendant had been notified immediately of the intended filing of the multiple bill and was still incarcerated at the time of the hearing. The court noted that the continuances requested by the State and the defendant were roughly equal in number.
In the present case, there was no unreasonable delay in the filing of the multiple bill because it was filed on the same day that defendant was sentenced. The delay was in the holding of the hearing on the allegations of the multiple bill when it was continued eleven times. The minute entries indicate that two of the continuances, on April 4 and May 4, 1995, were at the request of the State. The hearing was continued four times due to other trials in progress, and no reason was given for the other five continuances. None of the continuances were at defendant's request. At the two multiple bill hearings, the State gave no reason for the delay; but, the State was never asked to explain or justify the delay when the issue was raised by defendant. Moreover, the State has not given any reason for the delay in its brief. The State simply argues that defendant was not prejudiced by the delay.
As in Carter, defendant has offered no proof in support of his assertion that he was close to being released on parole or good time shortly before the multiple bill hearing was held. This claim is without merit.
Considering the fact that the State filed the multiple bill on the day that the original sentence was imposed, it does not appear that there was an unreasonable delay with regard to the multiple bill proceedings. This assignment of error is without merit.

PRO SE ASSIGNMENTS OR ERROR NOS. 1, 2, & 3
In these pro se assignments of error, defendant complains that he was denied due process of law; but, what he really appears to be complaining about is that the State failed to prove his guilt beyond a reasonable doubt because of various inconsistencies in the testimony of the prosecution witnesses.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Also, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989).
In order to convict a defendant of simple burglary, the State must prove beyond a reasonable doubt the unauthorized entry of any dwelling, vehicle, watercraft, or other structure with the intent to commit a felony or theft therein. La.R.S. 14:62.
*79 The State presented sufficient evidence to prove defendant's guilt beyond a reasonable doubt. Thomas positively identified defendant as the person he saw inside his van and as the person he chased through the French Quarter. Thomas also saw defendant in possession of the van's radio as defendant fled the scene. These assignments of error are without merit.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED.