738 So.2d 679 (1999)
STATE of Louisiana
v.
Romalice CHIRLOW.
No. 99-KA-142.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1999.
*680 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant D.A., Alison Wallis, Assistant D.A., Lori Butler, Assistant D.A., Gretna, for Plaintiff-Appellee.
Margaret Smith Sollars, Thibodaux, for Defendant-Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and SUSAN M. CHEHARDY.
DUFRESNE, Judge.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Romalice Chirlow, with simple burglary, in violation of LSA-R.S. 14:62. The matter proceeded to trial before a six person jury, at the conclusion of which the defendant was found guilty as charged. As a result of this conviction, the court *681 sentenced the defendant to twelve years at hard labor.
The state subsequently filed a bill of information, pursuant to LSA-R.S. 15:529.1, seeking to have the defendant adjudicated and sentenced as a third felony offender. After being advised of his rights, the defendant pled guilty to the allegations contained in the multiple offender bill. The court then vacated the defendant's original sentence and imposed an enhanced sentence of fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals.

FACTS
On Sunday, April 19, 1998, Mr. Byron Fennedy was at his Marrero home when his alarm and motion detector went off, indicating someone was in his garage. Mr. Fennedy went outside and noticed that the window glass was broken, the light was on, and the garage door was open. He looked around, did not see anyone, returned inside, and called 911. While inside, his alarm beeped again. He proceeded back to the garage and looked through the door. Inside his garage, Mr. Fennedy saw a man, subsequently identified as the defendant, with his fishing rods and a black bag in his hand. Mr. Fennedy, an off-duty police officer, asked the man to put the items down and to get on the floor. The defendant refused and tried to exit the garage, in the process of which he hit Mr. Fennedy and knocked him against the fence. A struggle ensued; however, Mr. Fennedy was able to hold onto the defendant until a deputy came. When Deputy Sanderson arrived, he placed the defendant under arrest for simple burglary.[1]
On appeal, the defendant, through appellate counsel, challenges the sufficiency of the evidence used to convict him. In addition, the defendant filed a pro se brief, arguing that the trial judge improperly denied his motions for mistrial; that the trial court incorrectly charged the jury on one of the responsive verdicts; and that the multiple offender proceedings were defective. Each of these allegations will now be addressed.

SUFFICIENCY OF THE EVIDENCE
On appeal, the defendant challenges the sufficiency of the evidence used to convict him of simple burglary. He specifically claims that the state failed to prove that he committed an unauthorized entry because no one saw him inside the garage. The defendant further argues that the state failed to prove that he entered the garage with specific intent to commit a theft, as it was a possibility that the defendant came upon a burglary in progress and decided to take advantage of the situation when the burglar left.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986).
In the present case, the defendant was convicted of simple burglary. That offense is defined in LSA-R.S. 14:62 as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein." State v. Taylor, 97-0461 (La. App. 4 Cir. 7/29/98), 719 So.2d 75. The requisite intent required by LSA-R.S. 14:62 is specific intent. State v. Morris, 98-236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076. Specific criminal intent exists "when the circumstances indicate that the offender actively desired the prescribed criminal *682 consequences to follow his act or failure to act." LSA-R.S. 14:10. Specific intent is a state of mind and, as such, need not be proven as a fact, but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982). The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson standard. State v. Huizar, 414 So.2d 741 (La.1982); State v. Morris, supra.
At trial, Mr. Fennedy unequivocally testified that he saw the defendant standing inside his garage, holding his fishing rods and a black bag in his hand. Mr. Fennedy also testified that when the defendant attempted to leave the garage, he struck Mr. Fennedy in the chest with one hand while holding the fishing rods in his other hand. During their struggle, the victim's fishing rods fell to the ground, lying halfway inside the garage. Mr. Fennedy identified the defendant in court as the individual in his garage and also identified his fishing rods as the ones that the defendant was carrying when he attempted to leave the garage. The victim further testified that the defendant did not have permission to be in his garage, to break his window, or to take his fishing equipment. We find that the evidence presented at trial clearly established that the defendant entered Mr. Fennedy's garage without authorization and that the defendant had the specific intent to commit a theft while inside the garage. Viewing the evidence in the light most favorable to the prosecution, the evidence clearly supports the defendant's conviction for simple burglary.

MOTION FOR MISTRIAL
On appeal, the defendant complains that the trial court erred by overruling his objections and denying his motions for mistrial based on the police officer/victim being allowed to testify in uniform.
During voir dire, defense counsel objected when the prosecutor informed the jury panel that the victim of the crime was an off duty police officer. Defense counsel further objected and moved for a mistrial when the prosecutor informed the judge that the victim was working that day and was coming to trial in his police uniform. The trial court denied the motion for mistrial, noting that the victim's employment as a police officer would come out during his testimony. During the actual trial, prior to Mr. Fennedy testifying, defense counsel again objected to the officer testifying in uniform as well as to any mention of him being a police officer. Defense counsel re-urged his previous motion for mistrial, which was again denied. The defendant, in his pro se appellate brief, now complains that the trial judge erred in failing to grant his motions for mistrial. He contends that he was denied his right to a fair trial because it was inherently prejudicial to have the victim of a crime testify in uniform.
A mistrial is a drastic remedy and is within the discretion of the trial court, unless mandated by LSA-C.Cr.P. art. 770. It is only warranted if substantial prejudice results which would deprive the defendant of a fair trial. State v. Pardon, 97-248 (La.App. 5 Cir. 10/15/97), 703 So.2d 50, writ denied, 97-2892 (La.3/20/98), 715 So.2d 1207.
The allegedly improper or prejudicial attire of a witness is not a basis for a mandatory mistrial under the provisions of LSA-C.Cr.P. art. 770. Moreover, the defendant has failed to show how he was prejudiced by the witness's appearance in his uniform, so as to warrant a mistrial under the permissive provisions of LSA-C.Cr. P. arts. 771 and 775. Although the defendant asserts that the victim's appearance in his police uniform lent extra weight to his testimony, as noted by the state, the victim's uncontradicted eyewitness account of the burglary was what led to the defendant's conviction. Moreover, during cross-examination, the defendant's trial attorney himself questioned the victim regarding *683 his status as a police officer. In addition, the trial judge instructed the jury about the considerations to take into account when evaluating witness testimony. He specifically charged the jury that they "should carefully scrutinize the testimony given and the circumstances under which the witness has testified." He further charged the jury that in evaluating the testimony of a witness, they "may consider his ability and opportunity to observe and remember the matter about which he testified, his manner while testifying, any reason he may have for testifying in favor of or against the State or the defendant, and the extent to which his testimony is supported or contradicted by other evidence."
Since the defendant in the present case has failed to show prejudice, we find that the trial judge did not err in overruling his objections and denying his motions for mistrial based on the police officer/victim being allowed to testify in uniform.

JURY INSTRUCTIONS
In his pro se brief, the defendant also complains that the trial court improperly instructed the jury concerning the elements of the responsive verdict of attempted unauthorized entry of a business, and as a result he was denied his right to due process of law under the Fourteenth Amendment.
Unauthorized entry of a place of business is defined in LSA-R.S. 14:62.4 as "the intentional entry by a person without authority into any structure belonging to another and used in whole or in part as a place of business." LSA-R.S. 14:27 A defines an attempt as follows:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
In charging the jury on this responsive verdict, the judge stated as follows:
Thus, in order to convict the Defendant of attempt unauthorized entry of a place of business, you must find, one, that the Defendant had a specific intent to commit the crime of simple burglary; and, two, that the Defendant did or omitted an act for the purpose of and tending directly toward the commission of the crime of simple burglary.
The defendant contends that this erroneous charge prevented the jury from considering the true elements of the crime of attempted unauthorized entry of a place of business, the least serious of the responsive verdicts. The defendant further contends that because of this error it is impossible to determine whether the jury would have chosen to convict him of this lesser offense rather than the charged offense of simple burglary. We find this argument to be without merit.
Even though the trial judge improperly instructed the jury, we find this error to be harmless under the circumstances of this case. Immediately prior to charging the jury on attempted unauthorized entry of a place of business, the trial judge properly charged the jury on the elements of unauthorized entry of a place of business and the trial judge had also previously properly charged the jury on the definition of an attempt. Therefore, the jury was well aware of the elements of attempted unauthorized entry of a place of business in the event it had wanted to return such a responsive verdict. Moreover, it is unclear why the trial judge instructed the jury regarding the elements of attempted unauthorized entry of a place of business as the facts of this case clearly would not have supported a conviction for that offense. In light of these circumstances, we find any error in the instructions to be harmless and accordingly, we reject the arguments raised by the defendant in this assignment of error.

*684 MULTIPLE OFFENDER PROCEEDINGS

In his final assigned error, the defendant complains that the habitual offender proceedings were defective. He first complains that the trial judge failed to advise him of his rights prior to accepting his guilty plea to the multiple offender bill of information.
Our jurisprudence has consistently held that in a habitual offender proceeding, a trial court must advise a defendant of his right to a hearing, at which time the state is required to prove the allegations of the multiple bill, and of the right to remain silent. State v. Riggins, 97-1194 (La.App. 5 Cir. 8/25/98), 718 So.2d 569, writ denied, 98-2520 (La.1/15/99), 736 So.2d 206.
In the present case, the trial judge, on two occasions, advised the defendant of the applicable rights. At the initial arraignment, when the defendant entered a plea of not guilty to the multiple bill, the trial judge advised him of his right to a hearing and of his right to remain silent. Again, when the defendant withdrew his former plea to the multiple bill and tendered a plea of guilty, the trial judge advised him of his right to remain silent and of his right to a hearing, at which time the state is required to prove the allegations of the multiple bill. In addition, the defendant signed a document entitled "Waiver of RightsPlea of Guilty Multiple Offender LA.R.S. 15:529.1." In this waiver form, the defendant was also advised of his right to remain silent and his right to a hearing, at which time the state would have to prove the allegations contained in the multiple offender bill of information. Accordingly, the defendant's argument, that he was not advised of his rights prior to his admission to the allegations contained in the multiple offender bill, is clearly without merit.
The defendant also complains that the court failed to make any finding as to his multiple offender status. Although in sentencing the defendant, the trial judge did not simultaneously mention his third offender status, he did so at the beginning of the hearing. Again, when the trial judge reviewed the sentencing range with the defendant, he specified the sentencing range for a third felony offender. In addition, the waiver of rights from indicated the defendant's status as a third felony offender. Therefore, it is clear from the record that the defendant was found to be a third felony offender.
The defendant also complains that the court failed to specifically state that the sentence imposed upon him was a habitual offender sentence. As stated previously, although the trial judge did not simultaneously state that the sentence imposed was pursuant to LSA-R.S. 15:529.1, the transcript is clear that the trial judge knew that the defendant was a third felony offender and sentenced him accordingly.
Lastly, the defendant complains that the trial court sentenced him without specifying which of the defendant's prior felonies were being used for purposes of the habitual offender proceedings. The defendant contends that this error is significant because he had pled guilty to two counts of simple burglary on May 30, 1997, and the record provides no indication whether both offenses were used in the multiple bill. The record does not support this argument. The multiple bill does not allege either of the two May 30, 1997 simple burglary convictions as predicate offenses.
Based on the foregoing discussion, the arguments raised by the defendant in this assignment of error are without merit.

ERROR PATENT PROCEEDINGS
We have also reviewed the record for errors patent in accordance with LSC.Cr.P. art. 921 and State v. Oliveaux, 312 So.2d 337 (La.1975). Such a review reveals that the defendant's enhanced sentence is illegal in that the trial court eliminated the possibility of parole. Neither LSA-R.S. 15:529.1 nor LSA-R.S. 14:62 require that the defendant's enhanced sentence be served without benefit of parole. *685 Accordingly, we amend the sentence to allow for the possibility of parole in accordance with the applicable sentencing provisions.
For the reasons set forth herein, the defendant's conviction and sentence, as amended, are hereby affirmed.
AMENDED, AND AFFIRMED AS AMENDED.
NOTES
[1] The black bag that the defendant was carrying was subsequently found to contain andouille sausage and pancakes that had been taken from Mr. Fennedy's freezer.