NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1332


STATE OF LOUISIANA

VERSUS

LAWRENCE KIVIN NIXON


**********


APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR760-08-3
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE


**********


JOHN D. SAUNDERS
JUDGE


**********


Court composed of John D. Saunders, Billy Howard Ezell, and David E. Chatelain,*
Judges.


**AFFIRMED.**


Chatelain, J., concurs and assigns written reasons.


Michael Cade Cassidy
District Attorney - Thirty-first Judicial District Court
P. O. Box 1388
Jennings, LA 70546
(337) 824-1893
Counsel for Plaintiff Appellee:
State of Louisiana


*Honorable David E. Chatelain participated in this decision by appointment of the
Louisiana Supreme Court as Judge Pro Tempore.

**William Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**Counsel for Defendant/Appellant:**
**Lawrence Kivin Nixon**

**Kevin D. Millican**
**Jennings City Prosecutor**
**P. O. Box 1111**
**Jennings, LA 70546**
**(337) 824-8300**
**Counsel for Appellee:**
**State of Louisiana**

**Lawrence Kivin Nixon**
**Jackson Parish Corr Center**
**287 Industrial Dr. - Dorm P**
**Jonesboro, LA 71251**
**Counsel for Defendant/Appellant:**
**Lawrence Kivin Nixon**

**SAUNDERS, Judge.**

The Defendant, Lawrence Kivin Nixon, was charged by bill of information filed on October 22, 2008, with simple burglary, in violation of La.R.S. 14:62. On October 27, 2008, the Defendant entered a plea of not guilty. Trial by jury commenced on March 24, 2009, and the Defendant was found guilty as charged on March 25, 2009. On May 18, 2009, the Defendant was sentenced to six years at hard labor. An oral motion for reconsideration of sentence was made and denied.

A Motion for Appeal was filed on May 19, 2009, and subsequently granted. The Defendant is now before this court asserting two assignments of error filed by his counsel. Therein, he contends there was insufficient evidence to prove he committed simple burglary beyond a reasonable doubt and the sentence imposed is excessive. We find these assignments of error lack merit.

The Defendant also asserts eight pro se assignments of error. Therein, the Defendant contends there was no probable cause to charge him with simple burglary, the evidence was insufficient to support his conviction, trial counsel was ineffective, his right to a fair trial by a jury of his peers was prejudiced, the jury instructions were improper, the trial court erred in denying his motion for new trial, his police complaint was improperly withheld, and he was sent fifty percent of the transcript in this matter. We find that the evidence was sufficient to support the Defendant's conviction. Claims of ineffective assistance of counsel lack merit. The assignments of error regarding the jury makeup, jury instructions, and the motion for new trial will not be considered. Additionally, the assignments of error in which the Defendant asserts the police report was improperly withheld and he received fifty percent of the transcript lack merit.

**FACTS:**

The Defendant was convicted of burglarizing the home of Wendell Davis on June 4, 2008.

**ASSIGNMENT OF ERROR NUMBER ONE (COUNSEL):**

In his first assignment of error, the Defendant contends there is insufficient evidence to prove he committed simple burglary beyond a reasonable doubt. We find this assignment of error lacks merit.

> In *State v. Touchet*, 04-1027, pp. 1-2 (La.App. 3 Cir. 3/9/05), 897 So.2d 900, 902, this court stated:
>
>> With regard to sufficiency of the evidence, this court set forth as follows in *State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27:
>>
>>> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See King*, 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).
>>>
>>> In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. In order for this court to affirm a conviction, the record must reflect that the State has satisfied this burden of proving the elements of the crime beyond a reasonable doubt. *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367.

The Defendant was convicted of simple burglary, in violation of La.R.S. 14:62 which states, in pertinent part, "Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60." To find the Defendant guilty of simple burglary, the State had to prove beyond a reasonable doubt that the Defendant, one, entered the subject structure without authorization, and two, entered it with the intent to commit a felony or theft therein.

*State v. Tassin*, 08-367, pp. 2-3 (La.App. 3 Cir. 11/5/08), 997 So.2d 750, 751-52.

The requisite intent required by LSA-R.S. 14:62 is specific intent. *State v. Chirlow*, 99-142 (La.App. 5 Cir. 6/1/99), 738 So.2d 679. Specific criminal intent exists "when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10. Specific intent is a state of mind and, as such, need not be proven as a fact, but may be inferred from the circumstances and actions of the accused. *State v. Graham*, 420 So.2d 1126 (La.1982). The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the *Jackson* standard. *State v. Huizar*, 414 So.2d 741 (La.1982); *State v. Chirlow*, supra.

*State v. Petty*, 99-1307, p. 3 (La.App. 5 Cir. 4/12/00), 759 So.2d 946, 949, *writ denied*, 00-1718 (La. 3/16/01), 787 So.2d 301.

Patrolman Lori Touchet testified that Wendell Davis filed a complaint with the Jennings Police Department in June 2008. In that complaint, he alleged that the Defendant broke into his residence and took an air conditioner, a television, and several DVDs.

Detective Steven Gauthier testified that in August 2008, he went to Davis' residence. At that time, Davis informed him that a thirty-seven-inch plasma television, an air conditioner, and several DVDs had been taken from his residence. Detective Gauthier then located Joyce Duhon and Morris Sinegal and took statements from them.

3

Detective Gauthier testified that Chris Broussard was listed on a report as a possible suspect. However, the witnesses did not see him at the residence. Further, Buck Achane was listed as a suspect, as information indicated he was at the Davis residence prior to the Defendant and had stolen the air conditioner. Detective Gauthier had not located Achane at the time of trial.

Detective Gauthier further testified that Duhon told him that an air conditioner was taken to the home of Morris Sinegal. However, Sinegal told Detective Gauthier that Achane had an air conditioner, but Sinegal never saw it. Detective Gauthier did not check the Defendant's residence for the items at issue during his investigation of the matter. However, in an unrelated matter, Detective Gauthier executed a search warrant at the homes of the Defendant and Shannon Broussard and saw none of the items taken from Davis' residence.

Wendell Davis testified that he and his mother lived in the residence at issue in Jennings, which was rented by his mother. Davis testified that he spent one to two days a week in Jennings and that he spent the remainder of his time in Leesville with a friend. On the date at issue, he was in Leesville and his mother was in Tacoma, Washington, caring for her sick sister.

When Davis returned to Jennings, he encountered Joyce Edwards Duhon, who asked him if he had moved out of the Jennings residence. Duhon then told him that she had seen people, including the Defendant, inside the residence "hauling stuff out of there like they was [sic] having a garage sale." Davis went to the residence and discovered that most of his belongings were missing. More particularly, someone had taken a thirty-seven-inch plasma television, a DVD player, approximately 150 to 200 movies, some cologne, and various nicknacks. Davis testified that the television,

4

DVD player, and movies belonged to him. Davis additionally testified that he did not give anyone permission to enter the residence or take the items that were missing. Furthermore, a no trespass sign was posted in the yard.

After Davis discovered that someone had removed items from the residence, he confronted the Defendant. Davis did not recover any of the missing items from the Defendant. Davis then filed a complaint with the Jennings Police Department. The day following the burglary, Davis recovered his portable DVD player from Achane.

Davis testified that the Defendant had been at the residence approximately one or two times two weeks to a month prior to the burglary. The purpose of those visits was to mow the grass and clean leaves off the roof.

Joyce Edwards Duhon testified that she went to school with the Defendant and had known him for a "long while." She then made an in-court identification of the Defendant.

Duhon testified that on June 4, 2008, the bedroom light in the residence at issue was on and she saw Shannon Broussard, the Defendant's girlfriend, go through the window of the residence. Duhon further testified that it was not unusual to see someone going through the window of the residence, as her friend had previously lived in the residence and entered the residence through the window. There was no air conditioner in any of the windows at the time Broussard entered the residence. However, Duhon had seen an air conditioner in one of the windows earlier that day.

According to Duhon, once Broussard was inside the residence, she turned on the living room light and picked up items and put them in a bag. Duhon testified that Broussard was pretending that she was cleaning up. At this time, Duhon was walking down the street. Duhon testified that she spoke to Broussard, who said she was

cleaning out the residence, as the previous residents had moved out and she was going to move in.

Duhon was questioned about the Defendant as follows:

Q Okay. At what point did you see Mr. - - - did you ever see Mr. Nixon in that residence?

A Other than going in, speaking with her, and grabbing the big black trash bag, and riding off on the bicycle with it.

Q Okay. So you saw Mr. Nixon in the home?

A Yes, sir.

Q Okay. Did you see him physically pick up a bag, a trash bag?

A Yes, sir.

Duhon went on to testify that the Defendant then left the residence on a bicycle, which he was having a hard time riding because of the bag. Duhon claimed to know that there were DVDs inside the bag.

Duhon testified that there was no one with Broussard and the Defendant when she saw them. However, if someone was in the bathroom, she would not have known. Additionally, Duhon did not see Achane at the residence. Duhon testified that it was not possible that she mistook the Defendant for Achane, as Achane was very light skinned and the Defendant was dark. Further, Duhon had no doubt that the man she saw was the Defendant. Duhon further testified that the Defendant waved at her. These events occurred after midnight. However, there was a street light.

Duhon saw Davis the following day and asked if he was moving out of the residence. Davis later informed Duhon of what items were missing from the residence, and Duhon told Davis that she saw Achane at Sinegal's residence and Achane had brought an air conditioner and portable DVD player with him. Duhon

6

saw Achane and Sinegal prior to her seeing Broussard and the Defendant at Davis's residence.

In Duhon's statement to police, she indicated the Defendant took a television from Davis' residence. However, at trial, she did not know if the item was a television. She testified that it could have been a computer.

Based on this testimony, the Defendant was convicted of simple burglary. He argues the evidence was not sufficient to support his conviction. The Defendant contends Duhon's testimony did not establish that he entered the residence. The Defendant further argues that the State failed to negate every reasonable possibility of misidentification. The Defendant notes that Duhon observed the burglary at midnight aided only by a street light and that her opportunity to observe the person on the bicycle was limited in time. The Defendant also argues that the events that occurred after the burglary lend credence to his claim that Duhon wrongly identified him.

In support of the argument that he was misidentified, the Defendant further notes that Davis confronted him after the burglary and none of Davis' property was returned by him. However, Achane brought a DVD player and air conditioner to Sinegal's residence. Additionally, Duhon saw Achane at Davis' residence before the burglary. Further, Detective Gauthier admitted it was a possibility that Achane might have stolen the air conditioner before Broussard arrived.

The Defendant also argues that the State failed to prove he had the specific intent to commit a theft in the residence. He asserts the person on the bicycle received a trash bag from Broussard and that person would likely have been told by

7

Broussard that she was cleaning the house in preparation to move in and thought he was disposing of abandoned or discarded items.

The State argues that Duhon's testimony proved the Defendant entered the residence. Further, the Defendant's argument fails to consider the definition of principal as defined in La.R.S. 14:24 as "[a]ll persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime." The State argues that regardless of whether the Defendant stepped into the residence, it is clear that he was a principal to the crime.

The State then asserts that Duhon's identification of the Defendant was sufficient, as she testified that she had known the Defendant since they were children and considered him a friend, she identified him in court, and repeatedly testified that he was the person inside the residence. Duhon further testified that there were several lights on inside the residence and there was a streetlight in the area.

The State asserts that the testimony of Davis and Duhon established all elements of the offense of simple burglary. Thus, the Defendant's conviction should be affirmed.

The State was required to prove the Defendant, one, entered the residence without authorization, and two, entered it with the intent to commit a felony or theft therein.

We find that the Defendant's assertion that Duhon's testimony did not prove he entered the residence is incorrect. Duhon testified that she went to school with the Defendant, made an in-court identification of him, and testified that the Defendant

8

was the person she saw enter the residence at issue. Thus, the State proved the Defendant entered the residence. Further, Davis testified the Defendant did not have permission to enter the residence and there was a no trespassing sign in the yard. Thus, the jury could have found that the State proved the Defendant's entry was without authorization.

Duhon further testified that Broussard entered the residence through a window, placed items in a bag, and the Defendant entered the residence, took the bag from Broussard, and rode away on his bicycle. Based on this evidence, we find that the jury could infer that the Defendant had the specific intent to commit a felony or a theft upon entering the residence. Accordingly, this assignment of error lacks merit.

**ASSIGNMENT OF ERROR NUMBER TWO (COUNSEL):**

In his second assignment of error, the Defendant contends the sentence imposed is excessive for this offender and this offense. We do not agree.

In brief to this court, the Defendant asserts the trial court failed to adequately consider several mitigating factors, including the fact that he obtained his GED, had taken college courses, he had no juvenile record, his prior conviction was for a non-violent felony, he is thirty-four years old, has five children under the age of seventeen, he had a drug and alcohol problem, and the Victim did not want the Defendant to receive jail time. The Defendant then asserts that, given the lack of credible evidence and the number of mitigating factors present, the sentence imposed is excessive. Accordingly, he alleges the sentence imposed should be vacated and set aside and the matter remanded for resentencing.

At the sentencing hearing, defense counsel made an oral motion for reconsideration of sentence asserting the Defendant's sentence was excessive and

9

argued that the Defendant should receive a probated sentence because this was only his second conviction, both being non-violent offenses, and the Victim requested that the Defendant receive a probated sentence and treatment for his drug problem.

We will consider only those mitigating factors that were set forth by defense counsel when he moved for reconsideration of sentence. *See* La.Code Crim.P. art. 881.1(E); Uniform Rules—Courts of Appeal, Rule 1-3; *State v. Hebert*, 08-542 (La.App. 3 Cir. 11/5/08), 996 So.2d 688.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250 (alteration in original), as follows:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that

10

sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

The Defendant was convicted of simple burglary. "Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both." La.R.S. 14:62(B). The Defendant was sentenced to serve six years at hard labor.

At the time of sentencing, the trial court stated:

The Pre-Sentence Investigation indicates that you are thirty-four (34) years of age, born on February 15th, 1971. You are currently single, having never been married. You have five (5) children, ranging in ages from seventeen (17) to fourteen (14). You attended Jennings High School but quit during your senior year. You later obtained your GED. You attended Trinity Valley -- Valley Community College in Texas for one (1) semester and the Pearl River Community College in Mississippi for three (3) semesters, but did not obtain a degree. You returned home and started working for Holiday Inn as a maintenance man, and then you worked for three (3) years for Otis Landry performing lawn care. You also worked for Moncla Drilling for approximately four (4) months as a floor hand, and your last employment was with Sonic Drive Inn for three (3) months as a cook. You have not been employed since 2005. You admitted to using alcohol, marijuana, and cocaine since the age of nineteen (19). You began substance abuse treatment with Jeff Davis Addictive Disorders Clinic, but you do not know if you completed the program.

The Pre-Sentence Investigation states that you do not have a juvenile criminal record. You have several criminal charges in your adult criminal history, beginning in 1992. You were convicted of simple battery on November 1st, 1993, and was fined one hundred dollars ($100.00). And you were arrested several times between 1995 and 2006 for various crimes, including illegal possession of stolen things, simple burglary, theft, forcible rape, battery, and murder; however, these charges were all eventually dismissed. On March 17th, 2003, you were found guilty of simple burglary of an inhabited dwelling and was given a sentence of two (2) years of supervised probation. However, on January the 3rd, 2005, your probation was revoked, and you were sentenced to serve three (3) years with the Department of Corrections. That was suspended, and you were placed on two (2) years of probation.

11

Your probation was terminated unsatisfactorily on January 29th, 2007. In addition to your current conviction for simple burglary, you also have pending charges of simple burglary and possession of stolen things in Jeff Davis Parish.

. . . .

In reviewing the Pre-Sentence Investigation, the Court takes note of the fact that you are thirty-four (34) years of age, and that you have five (5) children. This has been taken into consideration in mitigating against imposition of the maximum sentence in this matter. However, the Court can find no other mitigating factors.

Your involvement in criminal activity -- activity demonstrates to this Court you cannot live in society, and that this community must be protected from you. You are certainly in need of correctional treatment in a custodial environment for a significant period of time. Anything would deprecate -- anything less would deprecate from the seriousness of your offense, would not promote -- would not promote respect for the law, and would not provide a just punishment for the crime of which you are -- which you stand convicted. This Court has an obligation to protect the public from you and will do so.

In *State v. Bradford*, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864, the court found a sentence of six years at hard labor for simple burglary was not unconstitutionally excessive, given the sentence was half the maximum sentence and the defendant was a mature, second felony offender who had a history of unauthorized entry and theft and who was unsuccessful during a prior period of probation.

In *State v. Parker*, 594 So.2d 3 (La.App. 5 Cir. 1992), the court found a sentence of six years at hard labor for simple burglary was not excessive, in light of the defendant's prior criminal record, including a previous conviction for simple robbery, which had been reduced from armed robbery.

After considering the factors set forth in *Bailey*, 968 So.2d 247, and the cases cited herein, we find that the Defendant's sentence is not excessive. Accordingly, this assignment of error lacks merit.

**PRO SE ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:**

In his first pro se assignment of error, the Defendant contends there was no probable cause to charge him with simple burglary of the Davis residence. The only evidence police had was hearsay, and there was no circumstantial or direct evidence to substantiate a charge of simple burglary, which the due process clause requires.

The Defendant asserts there was no direct or circumstantial evidence to substantiate a charge of simple burglary, such as fingerprints or the presence of any stolen items on his person or property. Thus, there was no probable cause to charge him with simple burglary. The Defendant asserts the only evidence that existed was hearsay evidence. The Defendant asks this court to look at *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979), and state jurisprudence on evidence in criminal trials.

In his second pro se assignment of error, the Defendant contends the evidence in this case was all "HEARSAY" and is insufficient to substantiate a charge of simple burglary. Therefore, the State did not fulfill its constitutional due process obligation mandated by the United States Supreme Court in proving the charge of simple burglary before the jury. Therefore, the jury's verdict rests entirely upon hearsay evidence.

The Defendant asserts that he was wrongly convicted based on circumstantial evidence. Additionally, there were no stolen items found inside his home and his fingerprints were not found inside Davis' residence. Further, Duhon gave several conflicting statements to police.[1] The Defendant contends the statements of Duhon and Sinegal are conflicting.

---

[1] The statements given by Duhon and Sinigal were not admitted into evidence at trial.

13

In counsel's first assignment of error, we found the evidence was sufficient to support the Defendant's conviction. Thus, these assignments of error lack merit.

**PRO SE ASSIGNMENT OF ERROR NUMBER THREE:**

In his third pro se assignment of error, the Defendant contends that trial counsel's performance during the preliminary and trial phases fell below the constitutional standards of effective representation, rendering his assistance ineffective in violation of his sixth amendment rights.

The Defendant argues that trial counsel failed to insure the jury was properly instructed regarding probable cause and the types of evidence that must be presented to convict, he failed to seek supervisory writs regarding the arbitrary denial of his motions for judgment of acquittal and new trial, and he failed to contest the simple burglary charge based on a lack of direct and circumstantial evidence or argue the lack of such evidence before the jury.

> [T]he standard for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by this Court in *State v. Washington*, 491 So.2d 1337, 1339 (La.1986), requires respondent to show not only that his trial attorney's performance fell below an objective standard of reasonableness under prevailing professional norms but also that counsel's inadequate performance prejudiced him to the extent that the trial was rendered unfair and the verdict suspect, *i.e.* that counsel's errors undermined the proper functioning of the adversary process.

*State v. Matthis*, 07-691, p. 7 (La. 11/2/07), 970 So.2d 505, 509.

The Defendant does not present any proof of his allegations or point to any portion of the record to support his various claims. Thus, we find that the Defendant has failed to meet his burden of proof. Accordingly, this assignment of error lacks merit.

**PRO SE ASSIGNMENT OF ERROR NUMBER FOUR:**

In his fourth pro se assignment of error, the Defendant contends that his right to a fair trial by a jury of his peers was prejudiced. He bases his contention on the fact that he was denied the right to select jurors of his race to participate actively in trying his case.

The Defendant feels that if he had had a jury made up of his race, the outcome of the trial would have been different. "Therefore, as a result of racial discrimination, Appellant's right to a fair and impartial trial and due process were violated." The Defendant further asserts he was discriminated against by an all-white jury.

The Defendant has not made reference to the record, by volume and page number, which contains the basis for the alleged error. Thus, this court will not consider this assignment of error. Uniform Rules—Courts of Appeal, Rule 2-12.4

**PRO SE ASSIGNMENT OF ERROR NUMBER FIVE:**

In his fifth pro se assignment of error, the Defendant contends the trial court failed to insure for the record that the jury instructions in this case contained proper instructions concerning the law on probable cause and the evidence that must be present in this case to convict him of simple burglary.

The Defendant asserts that his conviction rests entirely upon hearsay and circumstantial evidence. He further asserts there was no direct evidence. He contends the jury instructions regarding probable cause and the evidence necessary to convict obviously did not include what specific evidence must be present to corroborate such circumstantial evidence to satisfy the constitutional mandates of due process, which are necessary to substantiate a charge of burglary.

15

Once again, the Defendant has not made reference to the record, by volume and page number, which contains the basis for the alleged error. Thus, this court will not consider this assignment of error. Uniform Rules—Courts of Appeal, Rule 2-12.4.

**PRO SE ASSIGNMENT OF ERROR NUMBER SIX:**

In his sixth pro se assignment of error, the Defendant contends the trial court erred in denying his motion for a new trial. The Defendant contends there was no direct evidence to substantiate a charge of simple burglary. In fact, because there was obviously insufficient evidence to support his conviction, the case should not have been permitted to proceed to trial.

A Motion for New Trial was filed on April 9, 2009. In the motion and at the hearing on the motion, the Defendant alleged the evidence was insufficient to support his conviction, as the State failed to prove his entry into the residence was unauthorized, as neither the landlord nor the renter of the property at issue testified at trial. The motion was denied on April 27, 2009.

> With respect to the motion for new trial, the motion alleged that the evidence was not sufficient to support the verdict (La.C.Cr.P. art. 851(1) ) and that a new trial should have been granted to satisfy the ends of justice (La.C.Cr.P. art. 851(5) ). As to the first ground, the denial of a motion for new trial based upon La.C.Cr.P. art. 851(1) is not subject to review. See *State v. Toups*, 2000-1944 (La.App. 4 Cir. 10/8/03), 859 So.2d 768; *State v. Huckabay*, 2000-1082 (La.App. 4 Cir. 2/6/02), 809 So.2d 1093. This holding is based upon the reasoning that review of a ruling on a motion for new trial is limited to a review of "error of law," see La.C.Cr.P. art. 858, and that a trial judge's ruling on a motion for new trial on the basis that the verdict is contrary to the law and evidence is grounded on the court's reassessment of the *weight* of the evidence, not the actual *sufficiency* of the evidence, which would bar a new trial. See *State v. Mack*, 37,174 (La.App. 2 Cir. 6/27/03), 850 So.2d 1035. Thus, this court cannot consider the trial court's ruling on the motion for new trial on this basis.

*State v. Colbert*, 07-947, p. 14 (La.App. 4 Cir. 7/23/08), 990 So.2d 76, 85, *writ denied*, 08-2098 (La. 5/15/09), 8 So.3d 579.

16

Accordingly, given that such a denial of a motion for new trial is not subject to review, we will not consider this assignment of error.

**PRO SE ASSIGNMENT OF ERROR NUMBER SEVEN:**

In his seventh pro se assignment of error, the Defendant contends that the trial court committed reversible error by withholding his written voluntarily police complaint information pursuant to the discovery rule motion under "Brady material in accordance with the prior evidence law. To-wit; see, police narrative report appendix 'O'- Page 2 of 5 as voluntarily confirms a submission of 'yes.' To-wit; 'but for cause.'"

The Defendant contends that:

evidence was not properly submitted to the Rule Motion of Discovery. Thus, it reflects a record for truth on narrative archive police report page 2 of 5, the District Attorney withheld Appellant's information in that Wendell Davis came in to his residence at 1219 South Main approaching me in a hostile manner with a chrome plated, black handle hand-gun, to-wit ; I ran to call the police. Also, Wendell Davis came inside my residence without consent, to-wit; my driver's license and food stamp card was missing. nevertheless, there is no record other than that reflects Appellant submitted information complaint statement in accordance to due process rights for ATTEST - 'BUT FOR CAUSE.'"

The record does not contain the answers to the Defendant's requests for discovery. Thus, we cannot determine whether the police complaint was withheld. Accordingly, we can only find that this assignment of error lacks merit.

**ADDITIONAL PRO SE ASSIGNMENT OF ERROR:**

In an additional pro se assignment of error, the Defendant contends:

that there's insufficient answers admitted into the record of transcript which was sent to him in regards to docket # 760-08-3 of the request for discovery and inspection and exculpatory evidence, and including all the answers to the preliminary hearing proceeding on probable cause verified to be present in the transcript record which was sent to him in custody to appeal therefrom. And accordingly, trial court officials transcript records were to be present and sufficient to the appellant in

17

legal compliance with law and order. Appellant states that only 50% of transcript proceedings were sent to him in custody leaving the ultimate material facts in issue withheld from the record of transcript which was sent to him in custody as such withholding all the answers for the verbatim preliminary hearing proceeding on probable cause. Appellant contends this Act for withholding 50% of transcript record to be a violation of due process rights entered by the 14th Amendment of the United States and Louisiana Constitution.

We interpret this assignment of error as a complaint that the Defendant received only fifty percent of the transcript in this matter. It is clear that the record, as it exists in this court, was sent to the Defendant on November 6, 2009. Thus, this assignment of error lacks merit.

## DECREE:

The Defendant's conviction and sentence is affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules – Courts of Appeal.

18

STATE OF LOUISIANA

VERSUS

LAWRENCE KIVIN NIXON

**CHATELAIN, Judge, concurring.**

I concur in the result of the majority opinion and offer additional reasons on the question of whether the defendant entered the subject dwelling without authorization.

When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. *State v. Shapiro*, 431 So.2d 372 (La.1982). The reviewing court "does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events." *State v. Davis*, 92-1623, p. 11 (La. 5/23/94), 637 So.2d 1012, 1020, *cert. denied*, 513 U.S. 975, 115 S.Ct. 450 (1994). Instead, when evaluating the evidence in the light most favorable to the prosecution, the reviewing court must determine "whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt" as delineated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). *Id*. (Emphasis omitted). This is not a separate test from that enunciated in *Jackson* but rather an evidentiary guide to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. *State v. Wright*, 445 So.2d 1198 (La.1984).

1

In the present case, the defendant suggested to the jury in closing argument that the State failed to carry its burden of proving the defendant's entry into the Davis dwelling was not authorized. In making this argument, the defendant contended Marilyn Davis, the mother of Wendell Davis (Mr. Davis), was the lessee of the dwelling. Accordingly, the defendant argues that although Mr. Davis testified that he had not given the defendant authority to enter the dwelling, the State failed to present like testimony from his mother. I find no merit to this argument.

Albeit, Mr. Davis' mother rented the dwelling, the evidence is not disputed that she and her son resided at this dwelling and their belongings were situated in the dwelling. It was also developed that Mr. Davis and his mother were not always at the dwelling. Mr. Davis testified that he split time between this dwelling in Jennings and a dwelling in Leesville. It is equally well established that at the time of this burglary, Mr. Davis' mother was in Tacoma, Washington, taking care of her dying daughter; after her daughter died, Mr. Davis' mother remained in Tacoma to care for her grandchildren. Accordingly, it is clear that Mr. Davis' mother was not in Jennings to authorize the defendant's entry into this dwelling.

Moreover, the jury heard compelling testimony from which it could have reasonably deduced that the defendant's entry into this dwelling was unauthorized. In this regard, it is noteworthy that the entry into this dwelling was by way of a window, not a door. Likewise, this entry occurred after midnight. Although not conclusive evidence, neither of these circumstantial facts support the defendant's contention that the entry into the dwelling was authorized.

Similarly, I find no merit to the defendant's like argument to the jury that the State failed to have the landlord testify regarding the issue of authorization to enter

the dwelling. Proof of lack of authorization from the dwelling's owner is not required under the provisions of La.R.S. 14:62; to the contrary, it need only be shown that there was an unauthorized entry into the dwelling. *See State v. Jacobs*, 572 So.2d 1140 (La.App. 1 Cir. 12/18/90) (circumstantial evidence can be used to establish that an unauthorized entry occurred). As stated in *State v. Lozier*, 375 So.2d 1333 (La.1979), a case involving an aggravated burglary conviction, "In the case of a private dwelling a person must have the consent of an occupant or an occupant's agent to constitute a defense to 'unauthorized' entry." *Id.* at 1336. In the present case, it is clear that the State proved beyond a reasonable doubt that Mr. Davis, the occupant of the dwelling, did not authorize the defendant's entry into the dwelling.

Although the defendant may have posed possible alternative hypotheses for the jury's consideration about the element of authorization, I do not find that these hypotheses were sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt as delineated in *Jackson*. Viewing the evidence in the light most favorable to the prosecution, I find a rational trier of fact could have found the State proved beyond a reasonable doubt that the defendant was guilty of simple burglary.